IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-1077**

ROCKY MOUNTAIN GUN OWNERS, and
TATE MOSGROVE,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

## COMPLAINT

Plaintiffs Rocky Mountain Gun Owners ("RMGO") and Tate Mosgrove ("Mosgrove") submit the following Complaint.

### I. INTRODUCTION

This action is a challenge to the constitutionality of Senate Bill 23-169 enacted by the Colorado General Assembly and signed by Governor Polis on April 27, 2023 ("SB23-169"). SB23-169 will become effective on August 4, 2023. SB-23-169 prohibits persons over the age of 18 but under the age of 21 from purchasing a firearm of any type. As such, it is blatantly unconstitutional under the Second Amendment to the United States Constitution as made applicable to the states by the Fourteenth Amendment. A copy of SB23-169 in its final form is attached as Exhibit A.

1

## II. PARTIES

1.     Plaintiff RMGO is a nonprofit organization. RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. RMGO has members who reside in Colorado who are between the ages of 18 and 20. RMGO represents the interests of these members. Specifically, RMGO represents the interests of those who are affected by SB23-169's unconstitutional prohibition on law-abiding adults from purchasing firearms. It is these members' present intention and desire to lawfully purchase a firearm for lawful purposes, including self-defense in their home. These members are precluded from purchasing a firearm by SB23-169, which bars them from exercising their fundamental right to keep and bear arms for lawful purposes protected by the Second Amendment.

2.     Plaintiff Mosgrove is a natural person, over the age of 18 but under the age of 21, and a citizen Colorado and the United States. Mosgrove has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to lawfully purchase a firearm for lawful purposes, including self-defense in his home. Mosgrove is or soon will be precluded from purchasing a firearm by SB23-169, which bars him from exercising his fundamental right to keep and bear arms for lawful purposes protected by the Second Amendment.

3.     Defendant Jared S. Polis is the Governor of the State of Colorado. This action is brought against him in his official capacity.

4.      Defendant is or will enforce the unconstitutional provisions of the law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

## III.  JURISDICTION AND VENUE

5.      The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States.  The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

6.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IV.  GENERAL ALLEGATIONS

8.      The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

9.      The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra*.

10. SB23-169 states in relevant part: "It is unlawful for a person who is less than twenty-one years of age to purchase a firearm."

11. In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2129-30.

12. Plaintiffs desire to purchase firearms for lawful purposes (including defense of their homes). The right to keep arms necessarily implies the right to acquire arms. SB23-169 prohibits or soon will prohibit Plaintiffs from doing so. "[T]he Second Amendment extends, prima facie, to all instruments that constitute bearable arms." *Bruen*, 142 S. Ct. at 2132. Therefore, because the Second Amendment's plain text covers Plaintiffs' conduct – i.e., acquiring bearable arms – "the Constitution *presumptively* protects that conduct." *Id.*, 142 S. Ct. at 2126 (emphasis added). Plaintiffs have met their burden under *Bruen*, and SB23-169 is presumptively unconstitutional.

13. Since the Second Amendment presumptively protects Plaintiffs' conduct, the State must justify SB23-169 by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden, because there is no such historical tradition of firearms regulation in this Nation.

14. In *Worth v. Harrington*, 2023 WL 2745673 (D. Minn. Mar. 31, 2023), the court held that there is no historical tradition supporting a statutory prohibition on 18-20-year-olds from carrying firearms in public. *See also Firearms Pol'y Coal., Inc. v. McCraw*, 2022 WL 3656996 (N.D. Tex. Aug. 25, 2022) (same). *A fortiori* there is no historical tradition supporting a statutory prohibition on 18-20-year-olds from purchasing firearms to possess for the self-defense and other lawful uses, including self-defense in the home.

15. In summary, the plain text of the Second Amendment covers Plaintiffs' conduct. Therefore, SB23-169 is presumptively unconstitutional. The State is unable to rebut this presumption, because the law is not consistent with Nation's historical tradition of firearm regulation. Therefore, SB23-169 is unconstitutional to the extent it probits law-abiding adults from purchasing firearms for lawful purposes.

### V. FIRST CLAIM FOR RELIEF
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

16. Paragraphs 1-15 are realleged and incorporated by reference.

17. SB23-169 prohibits residents of the State, including Plaintiffs, from exercising their right to acquire arms protected by the Second Amendment. There are significant penalties for violations of the law.

18. These restrictions infringe on the right of the people of the State, including Plaintiffs, to keep and bear arms as guaranteed by the Second Amendment and made applicable to Colorado and its political subdivisions by the Fourteenth Amendment.

19. SB23-169's prohibitions prohibit purchasing arms even for the purpose of self-defense in the home, where Second Amendment protections are at their zenith.

20. The State cannot satisfy its burden of justifying these restrictions on the Second Amendment right of the People by demonstrating that they are consistent with this Nation's historical tradition of firearm regulation.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

21. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that SB23-169 is unconstitutional on its and face or as applied to the extent it prohibits adults from acquiring firearms for lawful purposes;

22. Enter preliminary and permanent injunctive relief enjoining Defendant and his officers, agents, and employees from enforcing SB23-169 against adults;

23. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

24. Award actual or nominal damages to the individual Plaintiff (RMGO does not seek damages); and

25. Grant any such other and further relief as the Court may deem proper.

Respectfully submitted this 28th day of April 2023.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com