NOTE: This bill has been prepared for the signatures of the appropriate legislative officers and the Governor. To determine whether the Governor has signed the bill or taken other action on it, please consult the legislative status sheet, the legislative history, or the Session Laws.

Exhibit A



HOUSE BILL 23-1219

BY REPRESENTATIVE(S) Froelich and Amabile, Bacon, Boesenecker, Brown, deGruy Kennedy, Dickson, Epps, Garcia, Gonzales-Gutierrez, Hamrick, Herod, Jodeh, Joseph, Kipp, Lindsay, Lindstedt, Mabrey, McCormick, Michaelson Jenet, Ortiz, Parenti, Ricks, Sirota, Story, Willford, Woodrow, Bird, Daugherty, English, Mauro, Snyder, Titone, Valdez, Velasco, Weissman, McCluskie, Duran;
also SENATOR(S) Sullivan and Hansen, Cutter, Fields, Gonzales, Jaquez Lewis, Kolker, Mullica, Bridges, Buckner, Coleman, Danielson, Exum, Ginal, Marchman, Moreno, Winter F., Zenzinger, Fenberg.

CONCERNING ESTABLISHING A MINIMUM THREE-DAY WAITING PERIOD PRIOR TO THE DELIVERY OF A PURCHASED FIREARM.

*Be it enacted by the General Assembly of the State of Colorado:*

**SECTION 1. Legislative declaration.** (1) The general assembly finds and declares that:

(a) In 2020, according to the Centers for Disease Control and Prevention, firearm-related injury was among the five leading causes of death for people ages 1 to 44 in the United States;

_____

*Capital letters or bold & italic numbers indicate new material added to existing law; dashes through words or numbers indicate deletions from existing law and such material is not part of the act.*

(b)  From 2014 to 2019, the number of firearm-related deaths in Colorado was greater than the number of deaths due to motor vehicle crashes, opioid overdoses, HIV, and colon cancer. Among firearm-related deaths, more than 75 percent were caused by intentional self-harm or suicide and more than 20 percent were as a result of assaults or homicides.

(c)  In 2021, Colorado had its highest number of homicides by discharge of a firearm since 2000. There were 274 homicides by firearm in Colorado in 2021, and the age group with the highest rate of firearm homicide victims was people ages 15 to 24, with 74 deaths.

(d)  In 2020, Colorado had the seventh highest suicide rate in the United States; in 2021, there were 740 suicides by firearm in Colorado, which was more than half of all suicides in the state;

(e)  Nationwide, from 2000 to 2018, rural suicide rates were higher than urban suicide rates, and although suicide rates increased in both rural and urban areas during that period, since 2007, rural suicide rates increased at a greater rate than in urban areas;

(f)  One study estimates that mandatory waiting periods to receive firearms led to a 7 to 11 percent reduction in suicides by firearm; the study also suggests that delaying the purchase of firearms by a few days reduces firearm homicides by approximately 17 percent; and

(g)  The Colorado bureau of investigation employs and trains personnel to process background checks, in accordance with section 24-33.5-424 (7)(b)(IV)(C), Colorado Revised Statutes.

(2)  Therefore, the general assembly declares that:

(a) Delaying immediate access to firearms by establishing a waiting period for receipt of firearms can help prevent impulsive acts of firearm violence, including homicides and suicides; and

(b) The establishment of a waiting period is a matter of mixed state and local concern because the state has an interest in preventing suicides and homicides, and local governments are equipped to determine the length of waiting periods best suited for their jurisdictions.

**SECTION 2.** In Colorado Revised Statutes, **add** 18-12-115 as follows:

**18-12-115. Waiting period for firearms sales - background check required - penalty - exceptions.** (1) (a) IT IS UNLAWFUL FOR ANY PERSON WHO SELLS A FIREARM, INCLUDING A LICENSED GUN DEALER AS DEFINED IN SECTION 18-12-506 (6), TO DELIVER THE FIREARM TO THE PURCHASER UNTIL THE LATER IN TIME OCCURS:

(I) THREE DAYS AFTER A LICENSED GUN DEALER HAS INITIATED A BACKGROUND CHECK OF THE PURCHASER THAT IS REQUIRED PURSUANT TO STATE OR FEDERAL LAW; OR

(II) THE SELLER HAS OBTAINED APPROVAL FOR THE FIREARM TRANSFER FROM THE BUREAU AFTER IT HAS COMPLETED ANY BACKGROUND CHECK REQUIRED BY STATE OR FEDERAL LAW.

(b) A PERSON WHO VIOLATES THIS SUBSECTION (1) COMMITS A CIVIL INFRACTION AND, UPON CONVICTION THEREOF, SHALL BE PUNISHED BY A FINE OF FIVE HUNDRED DOLLARS; EXCEPT THAT FOR A SECOND OR SUBSEQUENT OFFENSE, THE FINE SHALL BE NOT LESS THAN FIVE HUNDRED DOLLARS AND NOT MORE THAN FIVE THOUSAND DOLLARS.

(2) THIS SECTION DOES NOT APPLY TO:

(a) THE SALE OF AN ANTIQUE FIREARM, AS DEFINED IN 18 U.S.C. SEC. 921 (a)(16), AS AMENDED, OR A CURIO OR RELIC, AS DEFINED IN 27 CFR 478.11, AS AMENDED;

(b) THE SALE OF A FIREARM BY A PERSON SERVING IN THE ARMED FORCES OF THE UNITED STATES WHO WILL BE DEPLOYED OUTSIDE OF THE UNITED STATES WITHIN THE NEXT THIRTY DAYS TO ANY FAMILY MEMBER, INCLUDING:

(I) REGARDLESS OF AGE, A BIOLOGICAL, ADOPTED, OR FOSTER CHILD; A STEPCHILD OR LEGAL WARD; A CHILD OF A DOMESTIC PARTNER; A CHILD TO WHOM THE SELLER STANDS IN LOCO PARENTIS; OR A PERSON TO WHOM THE SELLER STOOD IN LOCO PARENTIS WHEN THE PERSON WAS A MINOR;

(II) A BIOLOGICAL, ADOPTIVE, OR FOSTER PARENT; A STEPPARENT OR

LEGAL GUARDIAN OF THE SELLER OR SELLER'S SPOUSE OR DOMESTIC PARTNER; OR A PERSON WHO STOOD IN LOCO PARENTIS WHEN THE SELLER OR SELLER'S SPOUSE OR DOMESTIC PARTNER WAS A MINOR CHILD;

(III)  A PERSON TO WHOM THE SELLER IS LEGALLY MARRIED UNDER THE LAWS OF ANY STATE OR A DOMESTIC PARTNER OF A SELLER;

(IV)  A GRANDPARENT, GRANDCHILD, OR SIBLING, WHETHER A BIOLOGICAL, FOSTER, ADOPTIVE OR STEP RELATIONSHIP, OF THE SELLER OR SELLER'S SPOUSE OR DOMESTIC PARTNER; OR

(V)  AS SHOWN BY THE SELLER, ANY OTHER INDIVIDUAL WITH WHOM THE SELLER HAS A SIGNIFICANT PERSONAL BOND THAT IS OR IS LIKE A FAMILY RELATIONSHIP, REGARDLESS OF BIOLOGICAL OR LEGAL RELATIONSHIP; OR

(c)  A FIREARM TRANSFER FOR WHICH A BACKGROUND CHECK IS NOT REQUIRED PURSUANT TO STATE OR FEDERAL LAW.

(3)  PURSUANT TO THE AUTHORITY GRANTED IN SECTION 29-11.7-103, A LOCAL GOVERNMENT MAY ENACT AN ORDINANCE, REGULATION, OR OTHER LAW CONCERNING A WAITING PERIOD.

**SECTION 3.   Act subject to petition - effective date - applicability.** (1)  This act takes effect October 1, 2023; except that, if a referendum petition is filed pursuant to section 1 (3) of article V of the state constitution against this act or an item, section, or part of this act within the ninety-day period after final adjournment of the general assembly, then the act, item, section, or part will not take effect unless approved by the people at the general election to be held in November 2024 and, in such case, will take effect on the date of the official declaration of the vote thereon by the

governor.

(2)  This act applies to offenses committed on or after the applicable effective date of this act.

_____          _____
Julie McCluskie                                                        Steve Fenberg
SPEAKER OF THE HOUSE                                    PRESIDENT OF
OF REPRESENTATIVES                                         THE SENATE


_____          _____
Robin Jones                                                             Cindi L. Markwell
CHIEF CLERK OF THE HOUSE                           SECRETARY OF
OF REPRESENTATIVES                                         THE SENATE


APPROVED_____
(Date and Time)


_____
Jared S. Polis
GOVERNOR OF THE STATE OF COLORADO

PAGE 5-HOUSE BILL 23-1219