IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01077-PAB

ROCKY MOUNTAIN GUN OWNERS, *et. al*,
    Plaintiffs,
v.
JARED POLIS, in his official capacity as Governor of Colorado,
    Defendant.

**THE GOVERNOR'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY AND NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

The Governor submits this Response to Plaintiffs' Notice of Supplemental Authority (Dkt. 32) and provides notice of additional supplemental authority issued the same day:

On July 14, 2023, and in preparation to hear the case en banc, the United States Court of Appeals for the Eleventh Circuit vacated its panel decision in *NRA v. Bondi*, 61 F.4th 1317 (11th Cir. 2023). The Governor's burden under *Bruen*'s second step is to point to a "well-established and representative historical *analogue*" for the challenged regulation. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2133 (2022). Although the *Bondi* decision was vacated in anticipation of en banc review, the Eleventh Circuit did not and cannot change the well-established and representative historical analogues for SB23-169 discussed in *Bondi*, the Governor's Response, and the expert opinions attached to the Governor's Response. While Plaintiffs assert that *Bondi* was the Governor's "primary authority," Dkt. 32 at 2, the Governor cited it in just one section of his Response—in which he also cited *Reese v. BAFTE*, --- F. Supp. 3d ---, 2022 WL 17859138, at *10 (W.D. La. Dec. 21, 2022)—as further support for his historical analysis. The remainder of the Governor's Response is unrelated to *Bondi* and demonstrated why Plaintiffs' claims also fail

at *Bruen*'s step one and showed Plaintiffs lack any irreparable injury necessary for a preliminary injunction. Dkt. 28 at 6–13; 23–24.

On July 14, 2023, the United States District Court for the District of Oregon issued a decision in *Oregon Firearm Federation, et al. v. Kotek, et al.*, 2:22-cv-01815-IM (D. Or. July 14, 2023), upholding Oregon gun regulations on large-capacity magazines after a bench trial. The full opinion is attached as Exhibit A. Under *Bruen*'s second step, the court held that the Oregon law is consistent with our Nation's history and traditions of firearm regulation. Ex. A at 99. Notably, the court relied on 19th century state statutes, *id.* at 92–94, that are similar to and from the same time period as the 19th century statutes cited in the Governor's Response. Dkt. 28 at 17–20; Dkt. 28–5.

Dated: July 18, 2023

PHILIP J. WEISER
Attorney General

*s/ Matthew J. Worthington*
*Grant T. Sullivan*, Assistant Solicitor General*
*Michael Kotlarczyk,* Senior Assistant Attorney General*
*Matthew J. Worthington*, Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: grant.sullivan@coag.gov; mike.kotlarczyk@coag.gov; matt.worthington@coag.gov
*Attorneys for Defendant Governor Jared Polis*
*Counsel of Record

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2023, I served a true and complete copy of the foregoing **THE GOVERNOR'S RESPONSE AND NOTICE OF SUPPLEMETNAL AUTHORITY** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com

*Attorney for Plaintiffs*

*s/ Carmen Van Pelt*
Carmen Van Pelt