IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01077-PAB

ROCKY MOUNTAIN GUN OWNERS, *et. al*,
    Plaintiffs,
v.
JARED POLIS, in his official capacity as Governor of Colorado,
    Defendant.

## THE GOVERNOR'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

The Governor submits this Opposition to Plaintiffs' Motion for Temporary Restraining Order [Dkt. 34], and states the following:

**Not the Proper Procedure.**  Plaintiffs seek a Temporary Restraining Order after the parties have already fully briefed Plaintiffs' Motion for Preliminary Injunction (Dkt. 12; Dkt. 28; Dkt. 30).  The primary differences between a TRO and a preliminary injunction "are that a TRO may issue without notice to the opposing party and that TROs are limited in duration." *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D. N.M. 2018).  However, where, as here, "the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. CIV. A. 00-WY-2507-CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001).

Plaintiffs' TRO Motion is effectively a second preliminary injunction motion incorporating Plaintiffs' first.  Instead of considering Plaintiffs' new motion, the Court should deny Plaintiffs' first preliminary injunction motion for the reasons stated in the Governor's Response (Dkt. 28).  Plaintiffs have not shown a "clear and unequivocal" right to preliminary

relief because "[g]ranting such drastic relief is the exception, rather than the rule." *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (internal citations omitted).

**No Irreparable Harm.**  Plaintiffs' TRO Motion highlights their lack of any irreparable injury that would justify the extraordinary remedy of a preliminary injunction, let alone a temporary restraining order.  The individual Plaintiffs have not declared they currently lack firearms for self-defense.  They had the clear opportunity to acquire firearms prior to the law's effective date. [1]  SB 23-169 does not prohibit the possession of firearms by 18-to-20-year-olds, only the purchase.  Plaintiffs have not demonstrated any irreparable harm to a right of self-defense.  The individual Plaintiffs declared on June 2, 2023, that they "had a present intention and desire to lawfully purchase a firearm."  Dkt. 12-2, ¶ 2; Dkt. 12-3 ¶ 2.  SB 23-169 did not prevent them from doing so.  They could still do so on the date they filed their TRO Motion.  Plaintiffs have provided no updated declarations suggesting that they were unable to acquire the firearm they desired in the last two months.  Plaintiffs have also not declared that they are unable to acquire a firearm between their TRO Motion and SB 23-169's effective date.

As a result, Plaintiffs' alleged irreparable harm is manufactured.  By voluntarily refraining from purchasing firearms that they profess a present desire to purchase, Plaintiffs' alleged injuries are self-inflicted and not fairly traceable to SB 23-169.  It is well-settled that a

---

[1] The current record is unclear on SB 23-169's effective date.  Plaintiffs' Amended Complaint identified August 4, 2023, as the effective date (Dkt. 9, ¶ 1).  The Governor's Response to Plaintiffs' Preliminary Injunction Motion and Plaintiffs' Motion for TRO identified August 8, 2023, as the effective date (Dkt. 28 at 1; Dkt. 34 at 3).  The Colorado General Assembly states that SB 23-169's effective date is today, August 7, 2023.  *See* https://tinyurl.com/34r82p9y.  Upon further investigation, the Governor agrees that today is the effective date, as it is the day following the 90-day expiration of the General Assembly's May 8, 2023 adjournment.  *See* Dkt. 1-1, SB 23-169, § 4.

"manufactured" injury is insufficient to confer Article III standing. *See*, *e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"). So, too, should such self-inflicted injuries be insufficient to support their alleged threat of irreparable harm for purposes of seeking a TRO. The Court should not grant the extraordinary remedy Plaintiffs seek—enjoining a statewide public safety law based on a preliminary record—when the Plaintiffs had a clear opportunity to avoid the alleged harm, but voluntarily chose not to. Rather, Plaintiffs' TRO and preliminary injunction motion should be denied, and this case should proceed to discovery so that Plaintiffs' claims are decided on a full and complete record.

**Plaintiffs Are Not Substantially Likely to Succeed on the Merits**. Plaintiffs cannot show they are substantially likely to succeed on the merits, for the same reasons stated in the Governor's Response to Plaintiffs' preliminary injunction motion and its attached expert declarations. *See* Dkt. 28; Dkt. 28-1; Dkt. 28-2; Dkt. 28-3; Dkt. 28-4; Dkt. 33.

Plaintiffs must first show that the Second Amendment's "plain text" covers their conduct. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2117 (2022). Yet, Plaintiffs have presented no textual-historical record demonstrating the Second Amendment's text was understood by the "ordinary citizens in the founding generation" to create a right for 18-to-20-year-olds to purchase firearms. *District of Columbia v. Heller*, 554 U.S. 570, 577 (2008). "The job of judges is not to resolve historical questions in the abstract … [but] based on the historical record compiled by the parties." *Bruen*, 142 S. Ct. at 2130 n.6. The Court should not grant Plaintiffs' TRO Motion before they have even presented a historical record on the issue.

3

On *Bruen*'s second step, the Governor has identified "well-established and representative historical *analogue*[s]" for SB 23-169. *Bruen*, 142 S. Ct. at 2133. Eighteen States and the District of Columbia enacted similar age restrictions on sales of firearms to those under 21 in the 19th century. Dkt. 28 at 17; Dkt. 28-5. These laws were consistent with earlier traditions under English common law, at founding era public colleges, and pre-Civil War restrictions. Dkt. 28 at 14–15; 17. By the 20th century, nearly every State had adopted some age-related firearm regulation. *Id.* at 17. SB 23-169 is also consistent with Colorado law that has, since 1861 to present day, used 21 as the default age of majority. *Id.* at 11. At this preliminary stage, the Governor's identification of this extensive historical record in support of SB 23-169 is enough; Plaintiffs are not substantially likely to succeed on their claim. *Bruen* is not a "straightjacket," 142 S. Ct. at 2133, and "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations" by the States, *id.* at 2162 (Kavanaugh, J. concurring) (quoting *Heller*, 554 U.S. at 636.).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for a TRO should be denied.

Dated: August 7, 2023

PHILIP J. WEISER
Attorney General

*s/ Matthew J. Worthington*
*Grant T. Sullivan*, Assistant Solicitor General*
*Michael Kotlarczyk,* Senior Assistant Attorney General*
*Matthew J. Worthington*, Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: grant.sullivan@coag.gov; mike.kotlarczyk@coag.gov; matt.worthington@coag.gov
*Attorneys for Defendant Governor Jared Polis*
*Counsel of Record

5

## CERTIFICATE OF SERVICE

      I hereby certify that on August 7, 2023, I served a true and complete copy of the foregoing **THE GOVERNOR'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com

*Attorney for Plaintiffs*

                                                               *s/ Carmen Van Pelt*
                                                               Carmen Van Pelt