IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1077-PAB

ROCKY MOUNTAIN GUN OWNERS,
TATE MOSGROVE, and
ADRIAN S. PINEDA,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

---

### RESPONSE IN OPPOSITION TO MOTION FOR STAY

---

Plaintiffs submit the following response in opposition to Defendant's motion to stay the preliminary injunction entered by the Court (ECF 42).

**I.   Standard of Review**

Defendant notes that this Court's holding in *Bradford v. U.S. Dep't of Lab.*, 2022 WL 266805 (D. Colo. Jan. 28, 2022), sets forth the applicable standard governing his motion. That case is particularly relevant because there the Court noted the movants did not provide new argument in their motion but simply emphasized their prior contentions that had already been rejected by the Court. The Court held that this "emphasis does not make them any more likely to succeed in their argument now than when the Court considered their preliminary injunction motion." *Id.* at *4. Similarly in this case, Defendant has not advanced any new

1

arguments but merely expressed his disagreement with the Court's rulings on his prior arguments. Thus, Defendant has not provided any reason to stay the preliminary injunction.

## II.   Plaintiffs Have Standing

Defendant argues that Plaintiffs lack standing because SB 23-169 was not yet effective when they filed this action. The Tenth Circuit's holding in *Am. C.L. Union v. Johnson*, 194 F.3d 1149 (10th Cir. 1999), is surely dispositive of this argument. In *Johnson*, the defendants argued the plaintiffs lacked standing because their suit was brought before the effective date of the challenged statute. In response, the court cited *Virginia v. American Booksellers Assoc.*, 484 U.S. 383 (1988), where the Supreme Court held that plaintiffs had standing to bring a constitutional challenge to a statute "even though 'plaintiffs' challenge was ... made before the statute became effective.'" *Id.*, 194 F.3d at 1154, *quoting American Booksellers Assoc.*, 484 U.S. at 392. The court also quoted this passage from *Johnson*:

> We are not troubled by the pre-enforcement nature of this suit. The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise. We conclude that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them.

*Id.*, 194 F.3d at 1154 *quoting* 484 U.S. at 393. In this case, the Governor has not suggested the law will not be enforced against Plaintiffs. Just the opposite is true. Defendant insists that the whole reason a stay is necessary is because it is, in his view, vital to enforce the statute against Plaintiffs and those similarly situated. Thus, as the court observed in *Johnson*, Plaintiffs have standing because an injury is "certainly impending" if the statute takes effect. *Id.*, 194 F.3d at 1154, *quoting*

2

*Cyberspace, Communications, Inc. v. Engler*, 55 F.Supp.2d 737, 745–46 (E.D.Mich.1999).

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021), the Court held that a "person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *See also Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 536 (1925) (suit prior to effective date of statute was not premature because the injury to the plaintiffs was imminent, not a mere possibility in the remote future); and *Calvey v. Obama*, 792 F. Supp. 2d 1262, 1269 (W.D. Okla. 2011) (impending future injury confers standing). For these reasons, courts have routinely held that standing exists even though the effective date of the alleged harm is in the future. *See Fla. ex rel. McCollum v. U.S. Dep't of Health & Hum. Servs.*, 716 F. Supp. 2d 1120, 1145 (N.D. Fla. 2010) (collecting cases). Defendant's other standing arguments merely express his disagreement with the Court's order and do not establish a strong likelihood of success on appeal.

### III. Defendant Failed to Show a Strong Likelihood of Success on the Merits on Appeal

Defendant makes four arguments regarding the merits. First, Defendant argues the Court erred when it did not hold that Plaintiffs have the obligation of showing that the plain text of the Second Amendment covers 18-20-year-olds. Mot. 4-5. Even a cursory reading of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), however, undermines this argument. The specific issue under the "plain text" step in *Bruen* was whether the right to "bear" arms includes the right to

3

bear arms in public. *Id.*, 142 S. Ct. at 2134-35. The Court had "little difficulty concluding that it does" because "[n]othing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms." *Id*. Thus, Defendant's assertion that *Bruen* requires a historical inquiry at the plain text step is belied by *Bruen* itself. The plain text inquiry is based on just that, the plain text. Nothing in the text of the Second Amendment draws a "below 21" –"21 and above" distinction with respect to the right to keep and bear arms. Therefore, the Court was certainly correct when it held Plaintiffs have met their burden under the "plain text" analysis.

Second, Defendant disagrees with the Court's analysis of its historical evidence. Mot. 5. But Defendant's disagreement does not establish a strong likelihood of success on the merits, especially when other courts that have considered the matter have come to the same conclusion as this Court – i.e., laws like SB23-169 have no founding era analogue. *See Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2023 WL 3355339 (E.D. Va. May 10, 2023); *Worth v. Harrington*, 2023 WL 2745673 (D. Minn. Mar. 31, 2023) and *Firearms Pol'y Coal., Inc. v. McCraw*, 2022 WL 3656996 (N.D. Tex. Aug. 25, 2022).

Third, Defendant disagrees with the Court's holding that SB23-169 is not a "presumptively constitutional" commercial regulation. Mot. 6-7. The Court was surely correct, however, when it held there are no exceptions to *Bruen's* two-step analysis. Moreover, as this Court noted, Defendant's argument fails because a law that categorically bans a class of people from *purchasing* a firearm is not a

4

commercial regulation of *sellers* to begin with. Order 30. Defendant has no answer to the Court's conclusion.

Fourth, Defendant argues the Court gave too little weight to historical analogues from the late 19th century. Mot. 7. But Defendant provides no argument that the Court's careful analysis of this evidence was inconsistent with *Bruen's* admonition that that courts "must []guard against giving postenactment history more weight than it can rightly bear," that "post-ratification adoption or acceptance of laws that are inconsistent with the original meaning of the constitutional text obviously cannot overcome or alter that text," and that "because post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.'" *Id.* at 2136-37 (*quoting Heller v. District of Columbia*, 670 F.3d 1244, 1274 n.6 (D.C. Cir. 2011) (Kavanaugh, J., dissenting), and *Heller*, 554 U.S. at 614).

## IV.   The Court Need Not Consider the Remaining Three Factors

Defendant failed to show a strong likelihood that he will succeed on the merits of his appeal. Therefore, "the Court need not consider the other factors for a stay ..." *Bradford v. U.S. Dep't of Lab.*, 2022 WL 266805, at *4 (D. Colo. Jan. 28, 2022), *citing In re Way to Grow, Inc.*, 2019 WL 669795, at *3 (D. Colo. Jan. 18, 2019) (declining to consider remaining factors where movants failed to show strong likelihood of success); *Aposhian v. Barr*, 2019 WL 8195243, at *2 (D. Utah Mar. 20, 2019) (same);

5

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); and *Nken v. Holder*, 556 U.S. 418, 434 (2009). Accordingly, the Court could end its analysis here.

## V. Plaintiffs Have Suffered Irreparable Harm

If the Court does analyze the remaining factors, Plaintiffs note that Defendant does not dispute that but for the Court's injunction, the individual Plaintiffs would be categorically prohibited from exercising their Second Amendment right to purchase firearms for lawful purposes. Nevertheless, he argues Plaintiffs have suffered no injury at all, much less an irreparable injury, because they could have exercised their constitutional rights before the State prohibited them from doing so. Mot. 8-9. Defendant cites no authority for the proposition that a party suffers no harm when a law deprives him of his constitutional rights because he could have exercised those rights before the law went into effect. Again, the Court considered and rejected this argument (Order 41), and Defendant's disagreement with the Court's ruling does not meet his burden for obtaining a stay.

## VI. The Balance of Harms and Public Interest Factors Do Not Support a Stay

Finally, Defendant argues that the balance of harms and public interest factors[1] require this Court to stay its injunction. Mot. 8-10. Defendant bases this argument almost exclusively on his assertion that public safety might be increased if SB23-169 were allowed to go into effect. *Id*. This is not the law. "While the public has an interest in enforcing laws that promote safety or welfare, the public has no

---

[1] These factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

cognizable interest in enforcing laws that are unconstitutional. Indeed, the public interest is best served by preventing an unconstitutional enforcement." *Midwest Title Loans, Inc. v. Ripley*, 616 F. Supp. 2d 897, 908 (S.D. Ind. 2009), *aff'd sub nom. Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660 (7th Cir. 2010) (cleaned up) (*citing Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003)).

In *Chamber of Com. of U.S. v. Edmondson*, 594 F.3d 742, 771 (10th Cir. 2010), the Tenth Circuit held that when applying these factors courts must be mindful that even if a state is pursuing a legitimate goal (in that case deterring illegal immigration), it has no interest in doing so by unconstitutional means. A state "does not have an interest in enforcing a law that is likely constitutionally infirm." *Id.* "Moreover, the public interest will perforce be served by enjoining the enforcement of the invalid provisions of state law." *Id.* (internal quotation marks and citation omitted). *See also Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1076 (10th Cir. 2001) (public interest favors preliminarily enjoining state statutes likely to be held unconstitutional).

## VII. Conclusion

In summary, Defendant disagrees with the Court's Order and has reiterated his arguments stating the reasons why the preliminary injunction should have been denied. But, as in *Bradford*, *supra*, Defendant has provided no new arguments, and his motion does not make him any more likely to succeed than the arguments the Court considered with respect to his opposition to the preliminary injunction motion. Accordingly, his motion for a stay should be denied.

7

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email:  barry@arringtonpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington