**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-01077-PAB-NRN**

ROCKY MOUNTAIN GUN OWNERS,
TATE MOSGROVE, and
ADRIAN S. PINEDA,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES
OF COUNSEL AND PRO SE PARTIES**

    A scheduling conference was on September 25, 2023, at 2:00 p.m.

Plaintiff's counsel is:

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email: barry@arringtonpc.com

Defendants' counsel is:

Grant Sullivan
Assistant Solicitor General
Michael T. Kotlarczyk
Senior Assistant Attorney General
Matthew J. Worthington

1

Assistant Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6349 (Sullivan) / 6187 (Kotlarczyk) / 6124 (Worthington)
Email: grant.sullivan@coag.gov; mike.kotlarczyk@coag.gov; matt.worthington@coag.gov

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This action is a challenge to the constitutionality of Senate Bill 23-169 enacted by the Colorado General Assembly and signed by Governor Polis on April 27, 2023 ("SB23-169"). SB-23-169 prohibits law-abiding adults over the age of 18 but under the age of 21 from purchasing a firearm of any type. As such, it is unconstitutional under the Second Amendment.

b. Defendants:

Plaintiffs have not established their standing to challenge SB23-169, depriving the Court of subject-matter jurisdiction. Even if standing is established, SB23-169 fully comports with the Second Amendment. Under *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2022), courts apply a two-part test to evaluate whether a challenged state law complies with the Second Amendment. Under the first step, the Second Amendment's plain text does not protect an 18-to-20-year-old's ability to acquire a firearm; persons under 21 at the Founding were considered "infants" without legal rights under the Second Amendment. Moreover, SB23-169 imposes a condition on the sale of firearms that falls within *Heller*'s "presumptively lawful" category of gun regulations. *District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008). At the second step, SB23-169 is

consistent with this Nation's historical tradition of firearm regulation as shown by numerous Founding- and Reconstruction-era laws restricting 18-to-20-year-olds' use and possession of firearms.

## 4. UNDISPUTED FACTS

The parties have not stipulated to any undisputed facts.

## 5. COMPUTATION OF DAMAGES

Plaintiffs are not seeking money damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

September 18, 2023

b. Names of each participant and party he/she represented.

Barry Arrington, Plaintiffs

Grant T. Sullivan, Michael T. Kotlarczyk, Matthew J. Worthington, Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

October 2, 2023

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None.

 g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

 h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties believe it is unlikely this case will be settled as Plaintiffs seek to permanently enjoin legislation adopted by the Colorado General Assembly and signed by the Governor.

## 7.
## CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

 a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~None~~ Each side shall be limited to 4 depositions, excluding experts. Each side shall be limited to 20 interrogatories.

 b. Limitations which any party proposes on the length of depositions.

~~As per rule~~ For fact witnesses, depositions shall not exceed 4 hours.

For retained experts, depositions shall not exceed 7 hours.

 c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~As per rule~~ Each side shall be limited to 20 requests for production, and 20 requests for admission.

 d. Deadline for service of Interrogatories, Requests for Production of Documents and/or

Admissions:

~~May 1, 2024~~ 45 days prior to the close of discovery.

e.  Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

September 18, 2023, per Fed. R. Civ. P. 15(a)(1)(B) (21 days after service of the responsive pleading).

b.  Discovery Cut-off:

May 31, 2024

c.  Dispositive Motion Deadline:

July 19, 2024

d.  Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

   Defendant anticipates expert testimony on the following issues, without limitation:
   - History of the common public understanding the Second Amendment at the Founding and through the Reconstruction era.
   - History of firearm regulation for persons under 21 years of age, at English common law and from the Founding through the 19th century.
   - History of firearm use, supply, and regulation among early American militia members under the age of 21.
   - Science of adolescent and young adult brain development, including cognitive, emotional, and social capacities.
   - Other experts as necessary to rebut Plaintiffs' claims.

2. Limitations which the parties propose on the use or number of expert witnesses.

~~None~~ Each side shall be limited to 5 retained expert witnesses, absent leave of court.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

~~March 29, 2024~~ March 8, 2024

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

April 20, 2024

e.  Identification of Persons to Be Deposed:

Plaintiffs do not anticipate conducting any depositions at this time but reserve the right to do so. Defendant anticipates deposing Plaintiffs, any experts disclosed by Plaintiffs, and reserve the right to depose other persons with knowledge identified by Plaintiffs.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

~~None scheduled at this time.~~ Telephonic Status Conference is set for January 25, 2024, at 11:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. The Court will set a Final Pretrial Conference at that time. Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398-2342, Access Code 5755390# to participate.

b.  A final pretrial conference will be held in this case on _____ at o'clock __m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

   **Plaintiffs' Position:** Plaintiffs believe five trial days will be sufficient.

   **Defendant's Position**: In light of the extensive factual record that will need to be developed, Defendant believes that eight days will be necessary for trial. In the only recent Second Amendment case that went to trial in Colorado, *Cooke v. Hickenlooper*, No. 13-cv-1300-MSK-MJW (D. Colo.), the trial was set for 10 days; the parties identified a total of 39 witnesses, eight of which were experts.

   The parties agree that trial will be to the Court because Plaintiffs seek only prospective equitable relief.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of September 2023.

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge

APPROVED:

/s/ Barry K. Arrington

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com
Attorney for Plaintiffs

/s/ Grant T. Sullivan

Grant Sullivan
Assistant Solicitor General
Michael T. Kotlarczyk
Senior Assistant Attorney General
Matthew J. Worthington
Assistant Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6152
Email: grant.sullivan@coag.gov;
mike.kotlarczyk@coag.gov;
matt.worthington@coag.gov