IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01077-PAB-NRN

ROCKY MOUNTAIN GUN OWNERS,
TATE MOSGROVE, and
ADRIAN S. PINEDA,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on plaintiffs' Unopposed Motion to Stay [Docket No. 59]. The Court has jurisdiction under 28 U.S.C. § 1331.

    On August 7, 2023, the Court granted plaintiffs' motion for a preliminary injunction. Docket No. 37 at 43. On August 11, 2023, defendant filed a notice of an interlocutory appeal to the United States Court of Appeals for the Tenth Circuit from the Court's order granting the preliminary injunction. Docket No. 41.

    On February 1, 2024, plaintiffs filed a motion to stay all deadlines in this case until the Tenth Circuit rules on the appeal. Docket No. 59 at 2. Plaintiffs represent that defendant does not oppose this motion. *Id.* at 1.

    A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014)

(quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  A stay may, however, be appropriate in certain circumstances.  Courts in this district consider the following factors (the "*String Cheese Incident* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

       Plaintiffs argue that the *String Cheese Incident* factors weigh in favor of granting their motion.  Docket No. 59 at 2.  Plaintiffs make the following arguments: "Factor 1: Plaintiffs are requesting the stay and are therefore waiving any interest they may have in proceeding expeditiously"; "Factor 2: Defendant has stated that he does not oppose this motion and has therefore waived any claim to assert that he would be unduly burdened by a stay"; "Factor 3: This factor weighs most heavily in favor of a stay.  The preliminary injunction entered by the Court is on appeal in the Tenth Circuit.  It is anticipated that the Tenth Circuit will provide significant guidance regarding the law governing this case.  That guidance will in turn likely impact the matters that are

relevant for discovery and expert testimony.  Thus, it would appear to be in the interest of judicial economy for the parties to focus their efforts on the appeal (Plaintiff[s'] Answer Brief is due February 7, 2024) and to await that guidance before proceeding further in this matter"; "Factor[] 4: Plaintiffs are not aware of any third parties with an interest in this matter"; and "Factor 5: The public interest will be served by awaiting guidance from the Tenth Circuit."  *Id.*

The Court agrees that the *String Cheese Incident* factors weigh in favor of a stay.  This motion is unopposed.  *Id.* at 1.  The parties have identified no prejudice that would result to either party from the Court staying this case pending the Tenth Circuit's decision on the preliminary injunction appeal.  The convenience to the Court also weighs in favor of a stay of the proceedings because dispositive legal issues in this case are currently pending before the Tenth Circuit.  A stay would conserve judicial time and resources.  *See Martinez v. Back Bone Bullies Ltd*, No. 21-cv-01245-MEH, 2022 WL 1027148, at *3 (D. Colo. Apr. 6, 2022) ("The district court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal." (citation omitted)).  The Court is unaware of any interests of non-parties and therefore finds that the fourth factor weighs in favor of a stay.  Concerning factor five, the public has an interest in the "efficient and just" resolution of legal disputes.  *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019).  While there is a public interest in the expeditious resolution of this case, there is also a public interest in the efficient use of judicial resources.  The Court therefore finds that the fifth factor is neutral.

This case presents a circumstance where a stay of proceedings is warranted.  Administrative closure under D.C.COLO.LCivR 41.2 may be appropriate when a case

3

would otherwise be stayed for an indefinite amount of time.  See *Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed under D.C.COLO.LCivR 41.2 because the arbitration proceedings would last for an indefinite period of time).  Administrative closure is "the practical equivalent of a stay."  *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)).  Because this case will be stayed for an unknown period of time pending the Tenth Circuit's decision on the interlocutory appeal, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown.  The Tenth Circuit's ruling on the interlocutory appeal will constitute "good cause."

It is therefore

**ORDERED** that the plaintiffs' Unopposed Motion to Stay [Docket No. 59] is **GRANTED**.  It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed.  Either party may move to reopen the case for good cause.  It is further

**ORDERED** that the parties shall file a **status report** with the Court within **21 days** of the Tenth Circuit's ruling in Case No. 23-1251.

DATED February 6, 2024.

                                                              BY THE COURT:

                                                              PHILIP A. BRIMMER
                                                              Chief United States District Judge