IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01077-PAB

ROCKY MOUNTAIN GUN OWNERS,
TATE MOSGROVE, and
ADRIAN S. PINEDA,

Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

Defendant.

---

**ORDER**

---

This matter comes before the Court on the mandate of the Tenth Circuit [Docket No. 70].

On April 28, 2024, plaintiffs filed suit in this case, challenging the constitutionality of Senate Bill 23-169 ("SB23-169"), which was passed by the Colorado General Assembly and which amends Sections 18-12-112 and 18-12-112.5 of the Colorado Revised Statutes, a provision in the Colorado Criminal Code regulating private firearm transfers.[1] Docket No. 9 at 1, ¶ 1; Colo. Rev. Stat. § 18-12-112.

On June 7, 2023, plaintiffs filed a motion for a preliminary injunction to enjoin the enforcement of SB23-169. Docket No. 9 at 17. Plaintiffs argued that they were likely to

[1] SB23-169 states that it becomes effective "at 12:01 a.m. on the day following the expiration of the ninety-day period after final adjournment of the general assembly." SB23-169, 74th Gen. Assemb., 1st Reg. Sess. (Colo. 2023). Colorado's General Assembly adjourned on May 8, 2023. The law was scheduled to become effective on August 3, 2023.

succeed on their claim that SB23-169 violates their constitutional rights under the Second and Fourteenth Amendments to the United States Constitution and that they would suffer irreparable harm if the Court did not enjoin enforcement of the law. *Id.* at 5–17. On August 7, 2023, the Court granted plaintiff's motion for a preliminary injunction. Docket No. 37 at 43. The Court "ordered that the defendant and his officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this preliminary injunction are enjoined, effective immediately, from enforcing SB23-169" and further "ordered that this preliminary injunction shall remain in effect pending disposition of the case on the merits." *Id.* (emphasis omitted).

On February 1, 2024, plaintiffs filed an unopposed motion to stay the proceedings in this case during the pendency of defendant's appeal. Docket No. 59. The Court granted the motion to stay and administratively closed the case pursuant to Local Rule 41.2, subject to the case being reopened for good cause. Docket No. 60. "The Tenth Circuit's ruling on the interlocutory appeal will constitute 'good cause.'" *Id.*; *see also Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (unpublished ) ("good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review.").

On appeal, the Tenth Circuit held that plaintiff Adrian Pineda[2] had "fail[ed] to prove that SB 23-169 implicates his right to 'keep and bear' arms" and held that he had not shown a substantial likelihood of success on the merits. *Rocky Mountain Gun*

[2] The court found that, during the pendency of the appeal, plaintiff Tate Mosgrove turned 21 years old and therefore lacked standing to challenge the constitutionality of SB 23-169. *See Rocky Mountain Gun Owners v. Polis,* 121 F.4th 96, 107 (10th Cir. 2024).

*Owners*, 121 F.4th at 104. On November 5, 2024, the Tenth Circuit issued an order reversing the Court's issuance of a preliminary injunction. *Id.* at 128. On November 27, the Tenth Circuit issued its mandate. Docket No. 70.

Wherefore, it is

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively re-opened. It is further

**ORDERED** that the preliminary injunction entered on August 7, 2023 [Docket No. 37] is **DISSOLVED**. It is further

**ORDERED** that The Governor's Request to Forthwith Dissolve the Preliminary Injunction [Docket No. 68] is **DENIED as moot**. It is further

**ORDERED** that the parties shall contact Magistrate Judge N. Reid Neureiter to set appropriate deadlines and schedules consistent with this order.

DATED January 28, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge